UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO LEON et al.,<br>　　　　　　Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　Defendant. | Case No.: 17-CV-1820-CAB-JLB<br><br>**ORDER RE MOTION TO DISMISS** |

This matter is before the Court on the government's motion to dismiss for failure to state a claim. Plaintiffs have opposed the motion, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted.

**I.　Allegations in the Complaint**

On September 12, 2015, Plaintiffs Octavio Leon, Irma Mayorga, Maria Y. Mayorga, and Maria T. Mayorga were traveling in a car operated by Leon on Interstate 5 in Oceanside, California, when they were involved an automobile accident with Justin Brown. Plaintiffs' car rolled over several times and they each suffered serious injuries as a result of the accident. At the time of the accident, Brown was an enlisted Marine, and he was racing with a Marine in another car when the accident occurred. Brown is not a party to this lawsuit, but Plaintiffs allege that Brown was acting in the course and scope of his employment as a Marine at the time of the accident. The complaint asserts one claim for

negligence against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*.

## II. Legal Standards

The government asks the Court to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III. Discussion

"The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000); *see also* 28 U.S.C. § 1346(b)(1) (stating that district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). "Whether a member of the armed services of the United States was acting within the scope of his employment at the time of an alleged negligent or wrongful act

depends on whether the individual was 'acting in line of duty.'" *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1163 (9th Cir. 2005) (citing 28 U.S.C. § 2671). "The scope of employment inquiry, including, in the military context, whether the employee was 'acting in line of duty,' is defined by the applicable state law of respondeat superior." *Id.* (quoting *Lutz v. Sec'y of the Air Force*, 944 F.2d 1477, 1488 (9th Cir. 1991)). Thus, under the *Iqbal/Twombly* pleading standards, to state a claim against the United States, Plaintiffs must allege facts from which it can be reasonably inferred that Brown was acting in the line of duty under California respondeat superior law at the time of the accident.

"Under California's law of respondeat superior, employers are liable for acts of their employees occurring within the scope of their employment." *Nationwide*, 408 F.3d at 1163. In determining vicarious liability, "the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer." *Id.* (quoting *Farmers Ins. Group v. County of Santa Clara*, 11 Cal. 4th 992 (1995)). The scope of employment includes "an employee's acts of personal convenience during working hours, as well as acts of the employee that combine personal business with the business of the employer," but not conduct that "substantially deviates from the employment duties for personal purposes." *Id.* (citing *Farmers Ins. Group*, 11 Cal. 4th at 1004-05).

Here, Plaintiffs' allegation that Brown was acting within the scope of his employment at the time of the accident is conclusory and not entitled to an assumption of truth on a motion to dismiss. Disregarding this conclusion, there are no factual allegations that plausibly suggest that Brown was acting within the scope of his employment as a Marine. Brown's mere existence as a Marine is not sufficient to result in a waiver of sovereign immunity under the FTCA. To hold otherwise would render the scope of employment requirement meaningless. *Cf. Hartzell v. United States*, 786 F.2d 964, 969 (9th Cir. 1986) (noting that the FTCA's waiver of sovereign immunity does not make the United States liable for any tort committed by a member of the armed services, regardless of whether they were on-duty, off-duty, or on leave at the time of the accident).

### IV. Conclusion

For the foregoing reasons, the motion to dismiss is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint on or before **April 6, 2018**. To survive a second motion to dismiss, the amended complaint must contain specific factual allegations about what Brown was doing at the time of the accident that would support an inference that he was acting in the line of duty. Merely emphasizing or reiterating the allegations listed on pages four and five of the opposition brief will lead to dismissal of the amended complaint with prejudice upon a motion by the government.

It is **SO ORDERED**.

Dated: March 22, 2018

Hon. Cathy Ann Bencivengo
United States District Judge